UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CARLOS JORGE and ELIXIVA JORGE,<br><br>Debtors. | In Proceedings Under<br>Chapter Eleven<br><br>CASE NO. 2-12-bk-21047 BKM<br><br>ORDER GRANTING APPLICATION TO APPROVE COMPROMISE SETTLEMENT and ORDER CLOSING THE CASE<br><br>(Re: Docket No.219) |

AFTER DUE CONSIDERATION of the Application to Approve Compromise Settlement (the "Settlement Application") filed with this Court on November 5, 2019 at Docket Number 219 and no objections to the Settlement Application having been filed, and after due consideration of all the factors, this Court finds that, (i) notice given of the Settlement Application was due, proper, adequate and sufficient and that no further notice of the Settlement Application needs to be provided and (ii) the Settlement Application is justified and is in the best interest of the Debtor, the estate and the creditors, and other sufficient good cause appearing,

IT IS HEREBY ORDERED granting the settlement and authorizing the Modification of the loan as stated in Exhibit "1" attached hereto and fully incorporated into this Order.

IT IS HEREBY FURTHER ORDERED that the Clerk of the Court shall close this case upon entry of this Order.

DATED AND SIGNED ABOVE.

**EXHIBIT "1"**

When recorded mail to:
PHH Mortgage Corporation
3000 Leadenhall Road
Mount Laurel, NJ 08054

Loan No. ███████
Parcel/Tax ID #142-27-160

## MODIFICATION AGREEMENT

THIS MODIFICATION AGREEMENT (the "Agreement") is made and entered into as of October 1, 2019 between U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-4, TBW Mortgage Pass-Through Certificates, Series 2006-4 ("Investor"), c/o PHH Mortgage Corporation ("PHH"), whose address is 3000 Leadenhall Road, Mount Laurel, NJ 08054, collectively referred to as "PHH" for purposes of this Agreement, and Carlos Jorge and Elixiva Jorge ("Borrowers") whose address is 2209 N. Rascon Loop Phoenix, Arizona 85037. The Agreement is as follows:

### RECITALS

A. On or about June 30, 2006, the predecessor of Investor loaned $368,000.00 (the "Original Principal Balance"), which was evidenced by a Note dated June 30, 2006, (the "Original Note," a true and correct copy of which is attached hereto as Exhibit "A").

B. The Original Note is secured by a Mortgage, Deed of Trust, or Security Agreement dated June 30, 2006 and recorded among the official records of the County of Maricopa on July 7, 2006 as Document Number 20060909991 (the "Original Mortgage", a true and correct copy of which is attached hereto as Exhibit "B"). The Original Mortgage covers the real property described in the Original Mortgage (the "Property") located at 7419 North 82nd Lane Glendale, AZ 85303 which real property is more particularly described as follows:

LOT 16, WEST GLENN ESTATES, ACCORDING TO BOOK 489 OF MAPS, PAGE 35, RECORDS OF MARICOPA COUNTY, ARIZONA

C. The Original Mortgage grants Investor a security interest in the Property owned by you and described in the Original Mortgage and allows Investor to enforce remedies, including foreclosure of the Property, upon occurrence of a default, including your failure to make payments as agreed under the Original Note.

D. Investor is now the owner of the Original Note and Original Mortgage (the "Loan Documents") and you agree that the Loan Documents, as modified by the order in Bankruptcy Case No. 2-12-bk-21047, are the only agreements and documents now in effect with respect to the Loan. Any other understandings, agreements or arrangements, which may have existed pertaining to the Loan, are now terminated.

E. The parties have agreed that PHH shall refrain from exercising the rights and remedies granted to it through the Loan Documents and, instead, agree to modify the terms of your obligations under the Loan Documents pursuant to the terms and conditions set forth in this Agreement.

F. Pursuant to the mutual agreement to modify the Loan Documents, and in consideration of the promises, conditions, and terms set forth below, PHH has agreed to adjust the repayment terms of the Original Note, and the total amount due with respect to the Original Note. PHH has also agreed to reinstate the Loan as current and not in default as of the Effective Date, as defined below. If you fail to send any required down payment or required trial payment on or before the respective due date, the modification offer will be null and void and this Agreement will not become effective, and you understand and acknowledge that PHH may commence or resume foreclosure or other activities related to the delinquency of the Loan under its original terms as outlined in the Loan Documents.

G. The Loan Documents shall not be modified unless and until (i) PHH receives from you the initial payment in the amount and by the date required under Sections 3.C. 3.D and 3.E of this Agreement, (ii) the title insurance

601061377.1

company insuring the lien of the Mortgage assures Servicer (or otherwise confirms to its satisfaction) that the Mortgage, as modified by this Agreement, continues to enjoy lien priority for the full amount of the Note and (iii) you receive from PHH a fully executed copy of this Agreement.

## LOAN MODIFICATION

**NOW, THEREFORE,** in consideration of the foregoing recitals and preconditions which you agree to be true and correct and a part of this Agreement, you and Lender agree to conditions below. You understand that if you have failed to make any payments as a precondition to this Agreement, this Agreement will not take effect or be effective and will be reversed. If this Agreement becomes effective, the Loan Documents will be modified to include the following new terms which are acknowledged and agreed:

1. <u>Validity of the Loan Documents</u>: Except as expressly modified by this Agreement, the terms and conditions of the Loan Documents remain in full force and effect and the Original Mortgage shall continue to secure the Original Note and this Agreement.

2. <u>The Effective Date:</u> This modification is subject to clear title and any trial/down payments if applicable and will be effective on the date of the first New Monthly Payment as outlined in Section 3.D, on condition that a clear and marketable title policy can be issued and all required trial/down payments were received and applied.

3. <u>Modification of Your Obligations</u>: The obligations under the Loan Documents are modified as follows:

   a. **New Principal Balance:** The new principal balance now owed with respect to the Loan shall be ONE HUNDRED AND FORTH THOUSAND, FIVE HUNDRED AND FIFTY-FOUR DOLLARS AND EIGHTY-TWO CENTS, ($140,554.82), (the "New Principal Balance"). This includes, to the extent permitted by law, all amounts and arrearages that are past due (including any unpaid late charges that are permitted to be charged) plus any interest or other amounts capitalized and less Principal in the amount of $0.00 which has been forgiven.

   b. **Interest Rate:** You promise to pay the New Principal Balance as outlined above, plus interest. From the Effective Date of this Agreement, interest will be charged on the unpaid New Principal Balance at an annual rate equal to 4.25%.

   c. **Down Payment:** $41,847.60 due on October 1, 2019. Down payment, if applicable, must be received and applied prior to the modification effective date. If down payment is not received, the loan will not be modified.

   d. **New Monthly Payment:** The new <u>total</u> monthly payment amount will be TWO THOUSAND AND FORTY-THREE DOLLARS and NINETY-SIX CENTS ($2043.96). The itemized breakdown of the total monthly payment is as follows:

      i.   Principal and Interest portion of payment    = $1685.65.
      ii.  Tax and Insurance portion of payment       = $358.31.

   *The escrow payment amount may be adjusted periodically in accordance with applicable law due to changes in property taxes, insurance amounts or other escrow expenses and therefore the total monthly payment may change accordingly. The escrow payment amount shown is based on current data and represents a reasonable estimate of expenditures for future escrow obligations; however, escrow payments may be adjusted periodically in accordance with applicable law.

Page 2 of 8

c. **Payment Term**: The first New Monthly Payment will be due on November 1, 2019, with all of your subsequent New Monthly Payments due on the first day of each month following this date and continuing until the maturity date on January 1, 2028 when your remaining New Principal Balance including any deferred amount not eligible for forgiveness, additional interest, charges, advances, and other fees and costs related to the Loan which PHH has not yet collected, will be due and you must pay in full.

f. **Late Charges**: In the event the New Monthly Payment has not been received within fifteen (15) days of the first day of the month when such New Monthly Payment is due, Borrower agrees to pay a late charge of five percent (5%) of the total New Monthly Payment due.

g. **Lender Placed Insurance**: If you fail to obtain insurance and PHH shall be required to obtain insurance in order to protect its security interest, then the escrow portion of the total monthly payment may increase. Additionally, borrower(s) release PHH from any liability in connection with said force place insurance being inadequate as to the amount of coverage obtained by PHH.

4. <u>Right to Prepay</u>: Consistent with the original Note, Mortgage/Deed in Trust.

5. <u>Escrow Account</u>: If the loan is non-escrowed, then the borrowers are independently responsible for the payment of taxes and insurance and are required to pay both their property taxes and their insurance directly to the appropriate entities. However, whether the loan is escrowed or non-escrowed, in the event the borrowers fail to keep current and pay either their taxes or any type of insurance required for the property either by State Law or by the PHH, then PHH may advance these amounts to protect its security interest and if necessary, increase the amount of the monthly mortgage payment in order to compensate for the escrow shortage which will occur by said advancement. Therefore, PHH is permitted to impose an escrow impound account upon the subject loan. PHH may at any time collect and hold funds in the escrow account in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrowers' escrow account under the federal Real Estate Settlement Procedures Act of 1974, as amended from time to time, 12 U.S.C. et seq ("RESPA"). PHH may estimate the amount of funds due for the escrow account on the basis of current data for any past due amounts and make reasonable estimates for expenditures of future escrow items and adjust Borrowers' monthly payment amount accordingly should it become necessary to do so in the event of non-payment of taxes and insurance. However, the remaining paragraphs of the original note and mortgage regarding payment of taxes and insurance still apply.

6. <u>Insurance Requirements</u>: The insurance carrier providing the insurance shall be chosen by you subject to PHH's approval which shall not be unreasonably withheld. All insurance policies and renewals shall include PHH's loan number and a standard mortgagee clause for the benefit of:

> U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-4, TBW Mortgage Pass-Through Certificates, Series 2006-4
> c/o PHH Mortgage Services
> Its Successors and/or Assigns
> P.O. Box 5954
> Springfield, OH 45501
> Phone: 1-866-317-7661

7. <u>Additional Events of Default</u>: Without limiting the other events of default set forth in the Loan Documents, you will be in default under this Agreement and under the Loan Documents upon the occurrence of any one or more of these events:
   a. Any material representation or warranty made by you in the Loan Documents, this Agreement, or any initial agreement proves to be false or misleading in any respect.

   b. You fail to make the New Monthly Payments as required by this Agreement.

Page 3 of 8

c. You sell or convey any interest in the Property without PHH's prior written consent.

d. Breach of any of the terms or provisions of this Agreement.

8. <u>Consequences of Your Default</u>: If you default under this Agreement or the Loan Documents after the Effective Date (your "Default"), PHH may, in addition to the remedies provided by the Loan Documents, subject only to applicable law, institute any foreclosure or collection proceedings without prejudice for having accepted any payments, including but not limited to the New Monthly Payments, under this Agreement and exercise any of its rights and remedies against you under the Loan Documents and/or this Agreement.

9. <u>Your Representations and Warranties</u>: As a material condition to PHH's willingness to enter into this Modification, you represent and warrant the following facts:

    a. That you are indebted to PHH pursuant to the terms of the Loan Documents and this Agreement, that your Total Debt is accurately set forth in this Loan Modification, paragraphs 3 and 5, above.

    b. You represent and warrant that all material statements you have made to PHH, whether written or oral, all financial information and releases you have provided to PHH regarding you or the Property, and all information provided pursuant to any initial agreement you may have signed with PHH, remain valid and were true as of the date made and as of the date of this Agreement.

    c. That you understand that this Agreement is legally binding and that it affects your rights. You have obtained, or have had the opportunity to obtain, independent legal counsel concerning the meaning and importance of this Agreement. You further represent and warrant that you are signing this Agreement voluntarily and with full understanding of its contents and meaning.

10. <u>Final Agreement</u>: This Agreement may not be supplemented, changed, modified or omitted except by written document executed by both you and PHH. This Modification and the accompanying Settlement and Release Agreement constitutes the entire agreement between you and PHH and, supersedes all previous negotiations and discussions between you, PHH and/or PHH's predecessors in interest, and neither prior evidence nor any prior or other agreement shall be permitted to contradict or vary its terms. There are no promises, terms, conditions, or obligations other than those contained in this Agreement.

11. <u>No Novation</u>: You expressly agree that this Agreement is not a new loan from PHH but simply the modification of your existing obligations under the Loan Documents. Neither you nor PHH has any intention to extinguish or discharge the indebtedness or the liens evidenced by the Loan Documents.

12. <u>Choice of Law and Severability</u>: This Agreement shall be governed by and construed under the laws of the State where the Property is located. If any portion, term or provision of this Agreement is held by a court of competent jurisdiction to be illegal or in conflict with such law, the validity of the remaining portions, terms or provision of this Agreement shall not be affected, and the rights and obligations of the parties shall be construed and enforced as if this Agreement did not conflict with such law and/or did not contain the portion, term or provision held to be invalid.

13. <u>Successors</u>: This Agreement shall bind the parties' respective successors, assigns, heirs and personal representatives. This Modification shall not be understood to limit in any way the right of PHH to sell, or otherwise convey, any interest in the subject obligation to another, provided that such subsequent party in interest is also bound as PHH to the terms of this Agreement.

14. <u>References</u>: All references to the singular shall include the plural and all references to one gender herein shall include both genders.

15. <u>Executed in Counterparts</u>: This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

16. <u>Completion of Additional Documents:</u> You agree to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement. You agree to execute such other documents as may be reasonably necessary to correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. You understand that either a corrected Agreement or a letter agreement containing the correction will be provided to you for your signature. At PHH's option, this Agreement will be void and of no legal effect upon notice of such error. If you elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement. You agree to deliver any such corrective documents within ten (10) days after you receive PHH's written request for such replacement.

17. <u>No Trial By Jury</u>: BY EXECUTING THIS AGREEMENT, YOU IRREVOCABLY WAIVE ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS MODIFICATION AND ANY RELATED AGREEMENTS OR DOCUMENTS OR TRANSACTIONS CONTEMPLATED IN THIS AGREEMENT.

18. <u>Payment Instructions:</u> All payments, unless you are notified by PHH in writing of a different address, shall be made to PHH at the following address:

    PHH Mortgage Services
    P.O. Box 371458
    Pittsburgh, PA 15250-7458

19. <u>Notices</u>: All notices should be sent to:

    If to PHH:
    U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-4,
    TBW Mortgage Pass-Through Certificates, Series 2006-4
    c/o PHH Mortgage Services
    3000 Leadenhall Road
    Mount Laurel, NJ 08054
    Phone: 1-800-210-8849

    If to Borrowers:

    Carlos Jorge and Elixiva Jorge
    2209 N. Rascon Loop
    Phoenix, Arizona 85037

20. <u>Time of the Essence</u>: Time, and Lender's unimpaired security interest in the Property, shall be of the essence as to your obligations under this Agreement.

WITNESS the following signatures and seals as of the day first written above.

## LENDER ACKNOWLEDGEMENT

U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-4, TBW Mortgage Pass-Through Certificates, Series 2006-4
by its attorney-in-fact
PHH Mortgage Corporation, successor by
merger to Ocwen Loan Servicing, LLC

By: *[signature]*
Name: Richard Pierre
Title: Sr Loan Analyst

STATE OF Florida )
 ) ss.
COUNTY OF Palm Beach )

On Oct, 10, 20 19, before me, Crystal Joy Lewis, a Notary Public in and for said County and State, personally appeared Richard Pierre, who is **"CIRCLE ONE"** <u>personally known to me</u> or <u>proved to me on the basis of satisfactory evidence</u> to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

[NOTARY SEAL]

My Commission Expires: _____

Notary Public *[signature]*

Notary Public State of Florida
Crystal Joy Lewis
My Commission GG 203494
Expires 04/04/2022

Page 6 of 8

## BORROWER ACKNOWLEDGEMENT

_Carlos Jorge_ (signature)
Carlos Jorge

STATE OF __Arizona__ )
                    ) ss.
COUNTY OF __Maricopa__ )

On __September 17th__, 20__19__, before me, __Stephanie Pena__, a Notary Public in and for said County and State, personally appeared __Carlos Jorge__, who is **"CIRCLE ONE"** personally known to me or (proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

My Commission Expires: __Nov 15, 2022__        _Stephanie Pena_ (signature)
                                               Notary Public

[NOTARY SEAL]



STEPHANIE A PENA
Notary Public · Arizona
Maricopa County
Commission # 556372
My Comm. Expires Nov 15, 2022

_____
**Elixiva Jorge**

STATE OF Arizona )
                 ) ss.
COUNTY OF Maricopa )

On September 17th, 2019, before me, Stephanie Pena, a Notary Public in and for said County and State, personally appeared Eliyiva Jorge, who is **"CIRCLE ONE"** personally known to me or (proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

My Commission Expires: Nov 15, 2022

_____
Notary Public

[NOTARY SEAL]



STEPHANIE A PENA
Notary Public - Arizona
Maricopa County
Commission # 556372
My Comm. Expires Nov 15, 2022

Page 8 of 8